Judge G-rimke
stated the case, and delivered the opinion of the •court:
This is a writ of error to a judgment in the Hamilton common pleas. The suit was brought by the defendant in error against the plaintiff in error. The capias was returnable August, 1834, •and was accompanied by the following affidavit: “Rancil A. Madison, the above plaintiff, states on oath that the above defendant* *530 B. C. Smith, is justly indebted to him in the sum of sixteen hundred dollars, and that he has sustained damage in the above suit to that amount. R. A. Madison. Sworn and subscribed this July 8, 1834, before me, Isaiah Wing, J. P.” But the writ described the defendant as Brazilla, instead of Barzilla Smith. A motion was made on February 29, 1836, to set aside the capias, on the defendant filing common bail. Did the court below err in refusing this motion ? The practice in the English courts with regard to-the form of the affidavit to hold to bail has been exceedingly fluctuating until within a few years, and this may seem remarkable,, as an act of Parliament has directed the manner in which it shall be made. In Moultley v. Richardson, 2 Burr. 1032, where the affidavit was, that defendant was indebted in such a sum as he computes it, the motion that the defendant might be discharged on ^common bail, was overruled. The court seemed to think that objections of this sort had gone far enough already. In Jennings v. Martin, 3 Burr. 1447, the affidavit was, that the defendant was indebted in such a sum as appears by agreement; it was alleged to be a settled fatal objection. Lord Mansfield said, if it was a settled point, it must be adhered to; but he confessed he was not satisfied with the reason for it. It appears that, notwithstanding the extreme nicety and strictness which had been observed, seemed to be authorized by the express words of an act of Parliament, yet that enlightened judge disapproved of it. And there is no solid reason why we should give our sanction to it. It is also contended that J. P. is not a sufficient designation of the official character of the person who took the affidavit, and that the defendant was described by a wrong Christian name. If there be anything in these objections, and it would, perhaps, not be easy to prove that there is; suffice it to say, at any rate, that the period of time which elapsed from the return of the writ to the time when the motion was made (more than eighteen months), amounts to a-waiver of any such right if it ever existed. Indeed, this is an answer to all the objections which have been made.
There is no error in the refusal of the court to entertain this-motion.